UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MAURO ROSSONI,

    Plaintiff,

vs.

LA VOGLIA FINE FOODS CORP. d/b/a
FARFALLE FINE ITALIAN RESTAURANT,
a Florida Profit Corporation, and
GIUSEPPE CASTIELLO a/k/a
GIUSEPPE SPADACCINI, Individually

    Defendants.
_____/

## COMPLAINT

Plaintiff, MAURO ROSSONI ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, LA VOGLIA FINE FOODS CORP d/b/a FARFALLE FINE ITALIAN RESTAURANT, (hereinafter "LA VOGLIA") and GIUSEPPE CASTIELLO A/K/A GIUSEPPE SPADACCINI (hereinafter "CASTIELLO") (collectively "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give

rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff was at all times relevant to this action, and continues to be, a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Manager. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

5. Defendant, LA VOGLIA, is a Florida Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce. Defendant LA VOGLIA has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida and is subject to the laws of the United States and the State of Florida.

6. Defendant LA VOGLIA is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. Specifically, LA VOGLIA is a restaurant where the use of goods transported across interstate lines. Plaintiff was a chef at the restaurant and made orders when needed. These orders were made using phones and/or the internet.

8. At all times material to this Complaint, Defendant LA VOGLIA has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject the provisions of the FLSA, 29 U.S.C. § 207.

9. Defendant, CASTIELLO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, LA VOGLIA.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court, have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. Plaintiff began working for Defendants on or about December 2016 to March 27, 2017 as a Manager.

14. Though Plaintiff was titled as a Manager, at least 70% of Plaintiff's day to day work in a given week involved cooking rather than giving directives to employees.

15. On occasion, if Defendant CASTIELLO was not at the restaurant, Plaintiff dealt with vendors and processed payroll.

16. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for the hours worked for Defendants.

17. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

18. Despite the fact that Plaintiff worked over forty (40) hours in a work-week, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours as proscribed by the laws of the United States and the State of Florida.

19. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

20. Throughout his employment, Plaintiff had a verbal agreement with Defendants that he was going to be a partner of the restaurant. The parties agreed that Plaintiff would manage the restaurant and, in exchange, he would receive fifty (50) percent of the profits of the restaurant. However, Plaintiff never received payment.

21. Upon knowledge and belief, the restaurant had profits during the time Plaintiff managed the restaurant.

## COUNT I
**Breach of Agreement against All Defendants**

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

23. Defendants breached their agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit against* **All Defendants**

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

26. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendants.

27. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

28. Defendants accepted Plaintiff's services to Defendant.

29. Defendants retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment against All Defendants*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

32. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

33. Defendants have knowledge of the services performed and provided by Plaintiff.

34. Defendants voluntarily accepted the services performed and provided by Plaintiff.

35. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

36. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### VIOLATION OF FLSA / MINIMUM WAGE against All Defendants

37. Plaintiff re-alleges and re-avers paragraphs 1–21, as fully set forth herein.

38. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for all hours worked for Defendants.

39. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

40. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation against*
### *LA VOGLIA*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

42. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

43. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

44. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

45. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

46. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

47. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **COUNT VI**
*Wage & Hour Federal Statutory Violation against CASTIELLO*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this complaint as if set out in full herein.

49. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, LA VOGLIA.

50. Defendant CASTIELLO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of VOGLIA in relation to its employees, including Plaintiff.

51. Defendant, CASTIELLO, had operational control of the business and is thus jointly liable for Plaintiff's damages.

52. Defendant, CASTIELLO, willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE LEFT BLANK INTENTIONALLY]**

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated April 24, 2017

                                                                                 Respectfully submitted,

                                                                                /s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.: 118315
nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005